**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**S. SIVA SHANKAR,**

**Plaintiff,**

**v.**

**ACS-GSI,[1]**

**Defendant.**

**Civil Action No. 02-1370 (RMC)**

**MEMORANDUM OPINION**

S. Siva Shankar filed suit on July 9, 2002, *pro se*, against ACS Government Solutions, Inc. ("ACS"), alleging that ACS breached an oral agreement to employ him for five years; terminated his employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; violated U.S. immigration laws by failing to provide him with return transportation to India, his native country; and failed to pay his full salary. ACS has moved for summary judgment. As explained below, the Court will grant ACS's motion.

## I. BACKGROUND

A native of India, Mr. Shankar was working for another employer under an H-1B non-immigrant work visa when he applied for a position with ACS. He was offered a job in February 1999 and began work in April 1999, after the Immigration and Naturalization Service ("INS") approved the transfer of his H-1B visa to ACS. Mr. Shankar worked for ACS until February 2000, when he was laid off after the government contract on which he was working lost funding.

[1] The Complaint and the caption erroneously name Defendant as ASC-GSI. In fact, Defendant is ACS Government Solutions, Inc.

Approximately one year later, he was offered a position in a different area of ACS to do work on a different government contract involving web programming. He began his new job on March 23, 2001. Shortly thereafter, Mr. Shankar submitted a handwritten letter of resignation dated April 20, 2001. The letter of resignation became effective on April 27, 2001.

On April 22, 2002, Mr. Shankar filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination and forced resignation due to his national origin. Def. Mot. Summ. J., Ex. A Shankar Dep., Ex. 14. Proceeding *pro se*, he filed this suit on July 9, 2002, alleging that ACS breached an oral agreement to employ him for five years; terminated his employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; violated U.S. immigration laws by failing to provide him with return transportation to India; and failed to pay his full salary. On August 27, 2003, ACS filed a motion for summary judgment.

Although Mr. Shankar filed responses to the ACS motion for summary judgment on September 3 and 9, 2003, he consistently complained that ACS had not produced discovery to him and he needed such discovery in order to make a full response to the motion for summary judgment. In December of 2003, Mr. Shankar went to India due to the illness of his father. He informed the Court and ACS that he did not bring his litigation file with him and could not prepare a response from India. The Court stayed this case numerous times so that Mr. Shankar could obtain a visa to return to the United States. On August 15, 2005, counsel filed an appearance on behalf of Mr. Shankar. Counsel filed a response to ACS's motion for summary judgment on January 23, 2006.[2]

[2] ACS filed a motion to strike Plaintiff's response as untimely [Dkt. #109]. While ACS is correct that the response was untimely, the Court prefers to rule on the merits in this case and the motion to strike will be denied.

## II. LEGAL STANDARDS

A. Federal Question Jurisdiction and Standing

Federal district courts have original jurisdiction over civil actions arising under federal statutes. 28 U.S.C. § 1331. Here, Plaintiff brought suit under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. As this case presents a question of federal law, this Court has original jurisdiction.

B. Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671,

675 (D.C. Cir. 1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## III. ANALYSIS

### A. Claim of National Origin Discrimination under Title VII

Mr. Shankar contends that ACS discriminated against him based on his national origin in violation of Title VII, 42 U.S.C. § 2000e. A Title VII plaintiff must exhaust administrative remedies by filing a timely charge with the EEOC. *Bowden v. U.S.*, 106 F.3d 433, 437 (D.C. Cir. 1997). *See, e.g.*, *Gillet v. King*, 931 F. Supp. 9, 12-13 (D.D.C. 1996) (dismissing plaintiff's claim for failure to exhaust administrative remedies), *aff'd*, 132 F.3d 1481 (D.C. Cir. 1997) (Table). The filing of an administrative charge with the EEOC is a jurisdictional prerequisite to maintaining a Title VII action in federal district court. *Sisay v. Greyhound Lines, Inc.*, 34 F. Supp. 2d 59, 64 (D.D.C. 1998).

Title VII requires that a claimant file a charge within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1); *Washington v. Washington Metro. Area Transit Auth.*, 160 F.3d 750, 752 (D.C.Cir. 1998). Where a charge has been filed with a state fair employment agency, the time for filing a charge is extended to 300 days. 42 U.S.C. § 2000e-5(e)(1).

In this case, Mr. Shankar alleges that ACS discriminated against him based on his national origin and forced his resignation on April 20, 2001. He filed a charge of discrimination with the EEOC and the Arlington County Human Rights Commission on April 22, 2002. The charge was

not filed within 300 days of the alleged unlawful employment practice and thus was not timely filed. The charge was filed 365 days after the alleged discrimination. Because Mr. Shankar failed to timely file an EEOC claim, his discrimination claim must be dismissed.

B. Claim of Retaliation in Violation of Title VII

Mr. Shankar also claims that ACS retaliated against him due to his complaints about ACS, in violation of Title VII. As explained above, a Title VII plaintiff must exhaust administrative remedies by filing a timely charge with the EEOC. *Bowden*, 106 F.3d at 437; *Sisay*, 34 F. Supp. 2d at 64. Mr. Shankar's April 22, 2002, EEOC claim alleges discrimination but does not allege retaliation. Mr. Shankar did not file a retaliation claim with the EEOC. Because he failed to exhaust his administrative remedies, this Court lacks jurisdiction over his retaliation claim and it must be dismissed.

C. Breach of Alleged Five-Year Employment Contract

Mr. Shankar also contends that ACS breached his alleged five-year employment contract by compelling him to resign before the five-year term had expired. He also contends that ACS breached his employment contract by failing to assist him in fulfilling his immigration requirements and by failing to provide him with return transport to India.[3] Under Maryland and

[3] Mr. Shankar asserted his claim for breach of contract at some times and appears to have renounced such a claim at others. *Compare* Complaint ¶1 ("Contractual Violation: I was told by representatives of [ACS] of (sic) (5) five years of continued employment . . . .") and Response for Motion for Summary Judgment [Dkt. #108] ("Mr. Shankar has alleged sufficient facts to present his breach of contract claim to a jury.") *with* Reply in Opposition to Motion for Summary Judgement [Dkt. #57] at 15 ("there is a (sic) no question of State Law involved in this case. It is all violation of federal statues (sic) and federal laws. I have never ever quoted any state laws.") and *id*. at 6 ("I was aware that I was an 'at-will' employee . . . ."). For the sake of a full decision, the Court will presume Mr. Shankar intended to assert a breach of contract claim.

District of Colombia law,[4] there is a presumption that an employment relationship is terminable at will unless otherwise specified. *Perkins v. Dist. Gov't Employees Fed. Credit Union*, 653 A.2d 842, 842 (D.C. 1995); *Bender v. Suburban Hosp., Inc.*, 758 A.2d 1090, 1112 (Md. Ct. Spec. App. 2000). The presumption applies unless the parties clearly state their intention to limit the employer's right to terminate at will. *Perkins*, 653 A.2d at 842. A "mere oral promise of fixed-term employment . . . is insufficient to rebut the presumption of at will employment." *Daisley v. Riggs Bank, N.A.*, 372 F. Supp. 2d 61, 69-70 (D.D.C. 2005). However, the law of Maryland recognizes a cause of action for "abusive discharge." *Adler v. Am. Standard Corp.*, 432 A.2d 464, 471 (Md. Ct. App. 1981). Such a cause of action exists where an employer's motivation for discharging its at-will employee was in contravention of public policy. *Id*. at 470-71. For example, in *Adler*, an employee complained that he was fired in retaliation for his complaints of corporate misconduct by his employer. While the court recognized that such allegations could state a claim for abusive discharge, the court held that the employee failed to state a claim because his allegations were too general, conclusory, and vague. *Id*. at 471.

Thus, the Court must presume that the employment relationship between Mr. Shankar and ACS was an at-will relationship, unless Mr. Shankar has presented evidence that the parties clearly intended otherwise. Mr. Shankar has failed to present any such evidence. Indeed, all of the evidence demonstrates that the parties had an at-will relationship. Mr. Shankar completed a written employment application form that expressly provided, "I understand that should I be employed by [ACS] my employment is 'at will.'" Def. Mot. Summ. J., Ex. A Shankar Dep., Ex. 2. The

---

[4] When ACS hired Mr. Shankar in 1999, it assigned him to its Rockville, Maryland headquarters. When it rehired him in 2001, it assigned him to work in Washington, D.C.

employment application also provided that employment terms would be set forth in a written offer letter, and that "[a]ny verbal discussions of terms or conditions of employment by Company representatives are not binding." *Id.* Mr. Shankar testified in his deposition that he read and understood the employment application. *Id.*, Ex. A Shankar Dep. at 94-97.[5] Further, he signed two offer letters, neither of which specified a term of employment. *Id.*, Ex. A Shankar Dep. at 97-98, & 100-01 and Exs. 3 & 4. In addition, Mr. Shankar signed an acknowledgment that he had received the employee handbook. *Id.*, Ex. A Shankar Dep. at 109-10. This acknowledgment expressly stated, "I understand that either [ACS] or I can terminate my employment-at-will at any time, with or without cause or notice." *Id.*, Ex. A Shankar Dep., Ex. 5. None of these documents indicated any promise by ACS to assist Mr. Shankar with immigration or to provide him with return transportation to India.

Mr. Shankar failed to present any evidence whatsoever that ACS was bound by a five-year employment contract, that ACS promised to assist him with immigration, or that ACS agreed to provide him with transportation to India. While Mr. Shankar contends that ACS terminated his employment due to his allegations of employer misconduct, such allegations are general, conclusory, and vague; on summary judgment, Mr. Shankar may not rely solely on allegations or conclusory statements. *Greene*, 164 F.3d at 675. ACS has shown that Mr. Shankar "fail[ed] to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Accordingly, the Court will grant summary judgment in favor of ACS and will dismiss Mr. Shankar's breach of contract claim.

---

[5] Mr. Shankar also testified that he received the ACS employee handbook, which specified that he could be terminated at any time. Def. Mot. Summ. J., Ex. A Shankar Dep. at 109-10.

D. Other Allegations

Mr. Shankar also alleged in his Complaint that ACS failed to pay his full salary. He also set forth various other vague claims. Mr. Shankar has abandoned these claims, as he did not address them in response to ACS's motion for summary judgment. *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 1278 (D.D.C. 2002) (on summary judgment, court may treat arguments plaintiff failed to address as conceded); L.Cv.R. 7(h) (facts set forth in motion for summary judgment are admitted if not controverted in response to summary judgment). *See FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (district court has discretion to treat motion for summary judgment as conceded when no timely response is filed); L.Cv.R. 7(b) (same). Thus, the Court will treat all other claims asserted in this suit as conceded and will dismiss them.

**IV. CONCLUSION**

In sum, Mr. Shankar failed to exhaust his administrative remedies because he failed to file a timely EEOC claim alleging national origin discrimination and retaliation. Because he failed to file a timely EEOC charge, this Court lacks jurisdiction to address his Title VII claims. Further, Mr. Shankar failed to submit any evidence to support of his breach of contract claim. Mr. Shankar has abandoned or conceded all other allegations presented in the Complaint. The Court will grant ACS's motion for summary judgment [Dkt. #54], will dismiss the Complaint, and will close this case. A memorializing order accompanies this Memorandum Opinion.

Dated: April 24, 2006.

________/s/_________________
ROSEMARY M. COLLYER
United States District Judge